**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0017n.06
Filed: October 12, 2004
Nos. 04-3214/3327

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOE SABINO, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
|     Defendant-Appellant/Cross-Appellee. | ) | |
| | ) | |

Before: KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

**PER CURIAM.** The defendant, Joe Sabino, together with two co-defendants, was convicted of conspiracy to defraud the United States by obstructing the functions of the Internal Revenue Service, in violation of 18 U.S.C. 371. On appeal, the sentence he received was vacated, and his case was remanded to the district court for re-sentencing. *See United States v. Sabino*, 274 F.3d 1053, 1062 (6th Cir. 2001). In this present phase of the litigation, Sabino asserts that on remand the district court erred in determining that it could not depart downward in sentencing to a point at which the defendant's entire sentence would be suspended. The government cross-appeals, insisting that the extent of the district court's downward departure was too great, not too small. Finding no error in the sentencing calculus employed by the district judge, we affirm.

We had previously approved the district court's decision to depart downward three levels, based upon a constellation of factors noted in *Sabino I*. *See* 274 F.3d at 1079. At re-sentencing, the district court increased the departure two additional levels to take into account the continuing physical deterioration of this now 77-year-old defendant. We agree with the district court that the reasons proffered by the defendant at re-sentencing were not sufficient to depart downward any farther.

We also reject the government's argument that the district judge was limited on remand to a downward departure of no more than three levels. The opinion in *Sabino I* cannot reasonably be read to place such a restriction at re-sentencing.

AFFIRMED.